IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00044-CR

 

Ivan Esparza,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 18th District Court

Johnson County, Texas

Trial Court # F35123

 



MEMORANDUM 
Opinion



 

Appellant, Ivan Esparza, was indicted on June 13,
 2001, of “Unlawful
Possession of a Firearm by a Felon” and “Aggravated Assault-Deadly
Weapon.”  Prior to trial, the State
abandoned the aggravated assault count. Esparza was tried before a jury and was
found guilty of unlawful possession of a firearm by a felon.  The trial court assessed punishment at ten
years’ confinement in prison.

          Esparza
brings six issues on appeal: (1) Whether the trial court erred in admitting
Esparza’s videotaped statement into evidence; (2) Whether the trial court
denied Esparza’s rights under the Vienna Convention Treaty; (3) Whether the
trial court erred in denying Esparza’s request for a jury charge on the defense
of necessity; (4) Whether the trial court violated Esparza’s right to counsel;
(5) Whether the trial court’s admission of Esparza’s videotaped statement
rendered defense counsel’s representation ineffective; and (6) Whether the
evidence was factually sufficient to support a finding that Esparza possessed a
firearm.

We will overrule each of Esparza’s issues and affirm
the judgment.

BACKGROUND

          On
May
 22, 2001, the Johnson
County Sheriff’s Office received a request from Tarrant County Sheriff’s Office
for help in locating a vehicle.  Police
in Johnson County identified the vehicle and began a chase.  Celia Vasquez (Esparza’s wife) was the driver
of the vehicle, and Esparza was a passenger. 
As Vasquez pulled into a restaurant drive-thru, the police observed
Esparza holding a gun and pointing it at Vasquez.  Vasquez sped off after the police instructed
her to turn off the engine and instructed Esparza to drop the gun and exit the
car.  After a high speed chase, the
police stopped Vasquez and Esparza. 
Vasquez jumped out of the car and ran, but was shortly overtaken by an
officer.  Esparza was taken from the car
and arrested.  A Glock .45 caliber
handgun was found on the passenger floorboard where Esparza had been sitting.

Videotaped
Statement

          Esparza
contends that the trial court abused its discretion by ruling that a video
interview with him was admissible evidence.  He claims that he did not expressly waive his
Miranda rights and therefore the video statement should not have been
admitted.  In reviewing a trial court’s
decision on a suppression motion, we afford almost total deference to the trial
court’s application of law to fact questions. 
Guzman v. State, 955 S.W.2d
85, 89 (Tex. Crim. App. 1997).  We must
sustain the trial court’s ruling if it is reasonably supported by the record
and is correct on any theory of law applicable to the case.  Villarreal
v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996).

The admissibility of a video statement is
determined under article 38.22 section 3 of the Criminal Procedure Code.  Tex.
Code Crim. Proc. Ann. art. 38.22, § 3 (Vernon 2004).  The statute provides that no oral statement
of an accused made as a result of custodial interrogation is admissible unless
an electronic recording is made of the statement, the accused is given his
statutory warnings prior to his statement, and the accused knowingly,
intelligently, and voluntarily waives any rights set out in the warning.  Id.  The
trial court found that Esparza prior to and during the making of the statement
knowingly, intelligently, freely, and voluntarily waived each of the rights set
out in the warnings and that article 38.22 was complied with fully.

          It
is undisputed that the statutory warning was given and recorded prior to
Esparza’s videotaped statement.  He was
asked if he understood his Miranda rights; he indicated that he did and signed
the back of the Miranda card.  He
contends, however, that he never expressly waived any of the rights contained
in the statutory warning.  The oral
confession statute does not require that a recorded statement contain an
express statement by the accused that he waives his rights prior to making a
statement.  Etheridge v. State, 903 S.W.2d 1, 16 (Tex. Crim. App. 1994), cert. denied, 516 U.S. 920, 116 S.Ct. 314, 133 L.Ed.2d 217 (1995); Barefield v. State, 784 S.W.2d 38, 40-41
(Tex. Crim. App. 1989), cert. denied,
497 U.S. 1011, 110 S.Ct. 3256, 111 L.Ed.2d 766 (1990).  We find no error in the trial court’s finding
that Esparza waived his rights and made his statement knowingly, intelligently,
and voluntarily.  We overrule his first
issue.

Vienna
Convention Treaty

          Esparza,
an arrested foreign national, claims that the trial court violated his rights
under the Vienna Convention on Consular Relations by failing to grant sua sponte the right to contact his
consulate without delay.  We need not
decide the merits of this complaint, however, because Esparza failed to
preserve the issue for appeal.  Tex. R. App. P. 33.1.  Rule 33.1 requires that the record show the
complaint was timely made to the trial court, the grounds were stated with
specificity, and a ruling was obtained.  See Ibarra
v. State, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999).  Esparza did not complain of the violation
until appeal.  The complaint was
therefore waived.  See id.  We overrule the second issue.

Defense
of Necessity Jury Instruction

          Esparza
contends that the trial court abused its discretion in denying his requested
jury charge on the defense of necessity. 
Upon timely request, a defendant has a right to an instruction on any
defensive issue raised by the evidence, regardless of whether the evidence is
weak or contradicted.  Darty v. State, 994 S.W.2d 215, 218
(Tex. App.—San
 Antonio
1999, pet. ref’d).  A defendant is
entitled to the instruction if defendant produces evidence raising each element
of the requested defense.  See Hamel v. State, 916 S.W.2d 491, 493
(Tex. Crim. App. 1996).  If a defensive issue is raised by a party,
refusal to submit the requested instruction is an abuse of discretion.  See
Muniz v. State, 851 S.W.2d 238, 254 (Tex. Crim. App. 1993).  However, where the evidence fails to raise a
defensive issue, the trial court commits no error in refusing a requested
instruction.  See id.

          The
defense of necessity is available for criminal conduct if (1) the defendant
reasonably believes his conduct is immediately necessary to avoid imminent
harm, (2) the desirability and urgency of avoiding the harm clearly outweigh,
according to ordinary standards of reasonableness, the harm sought to be
prevented by the law proscribing the conduct, and (3) a legislative purpose to
exclude the justification claimed for the conduct does not otherwise plainly appear.  See
Tex. Pen. Code Ann. § 9.22 (Vernon
2003).

          The
State argues that the evidence failed to raise a necessity defense.  We agree. 
Although the record reflects that defense counsel hoped to establish a
scenario wherein Esparza or Vasquez needed a gun to protect Vasquez from a drug
dealing boyfriend named Rodolpho, the defense failed to present evidence to
support the theory.  Neither Esparza nor
Vasquez testified at trial.  As evidence
of necessity, Esparza cites only to the testimony of law enforcement
officers.  Detective Mackey testified
that Esparza told him that Vasquez was the one who wanted the gun and that
Esparza told him that it had to do with money and with Vasquez’s boyfriend.  The detective also testified that Esparza
told him that the boyfriend was on probation for drugs and that Vasquez needed
thousands of dollars.  Officer Scarbrough
testified that Esparza told him that Vasquez was the one that wanted the gun.  The record reveals no evidence that Rodolpho
existed or that Rodolpho had threatened either Vasquez or Esparza.   There is no evidence in the record that
there was a threat of harm, imminent or otherwise, or that Esparza reasonably
believed there was a threat of imminent harm.

          Because
the evidence did not raise the defense of necessity, we conclude that the trial
court did not error in refusing the instruction.  We overrule the third issue.




Right
to Counsel

          Esparza
contends that due to the trial court’s cumulative rulings regarding (1) the
videotaped statements, (2) Vienna Convention Treaty rights, and (3) the defense
of necessity jury charge, he was effectively denied his right to counsel.  The State argues and we agree that he has
failed in his brief to cite any legal authority or make any legal argument in
support of his position.  Therefore, we
overrule issue four.  Tex. R. App. P. 38.1(h).

Ineffective
Representation by Counsel

          Esparza
contends that due to the trial court’s admission of the videotaped statements,
his counsel was forced to be ineffective. 
This issue is predicated on error in the court’s ruling concerning the
videotaped statement.  Because we have
found that the statement was properly admitted, we also overrule this issue.

Factual
Sufficiency

          Esparza
contends that the evidence was factually insufficient to support the jury’s
guilty verdict.  There is only
one question to be answered in a factual-sufficiency review: Considering all of
the evidence in a neutral light, was a jury rationally justified in finding guilt
beyond a reasonable doubt?  Zuniga v.
State, No. 539-02, 2004 WL 840786, at *7 (Tex. Crim. App. April 21, 2004). 
However, there are two ways in which the evidence may be
insufficient.  Id.  First, when considered by itself, evidence
supporting the verdict may be too weak to support the finding of guilt beyond a
reasonable doubt.  Id.  Second, there may be both evidence supporting
the verdict and evidence contrary to the verdict.  Id.  Weighing all the evidence under this
balancing scale, the contrary evidence may be strong enough that the
beyond-a-reasonable-doubt standard could not have been met, so the guilty
verdict should not stand.  Id.  This standard acknowledges that evidence of
guilt can "preponderate" in favor of conviction but still be insufficient
to prove the elements of the crime beyond a reasonable doubt.  Id.  Stated another way, evidence supporting guilt
can “outweigh” the contrary proof and still be factually insufficient under the
beyond-a-reasonable-doubt standard.  Id.

          Zuniga also reminds us that we
must defer to the jury’s determination.  See
id. at *3 (citing Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim.
App. 1997)).  The jury determines the
credibility of the witnesses and may “believe all, some, or none of the
testimony.”  Chambers v. State,
805 S.W.2d 459, 461 (Tex. Crim. App. 1991). 
It is the jury that accepts or rejects reasonably equal competing
theories of a case.  Goodman v. State,
66 S.W.3d 283, 285 (Tex. Crim. App.
2001).  The evidence is not
factually insufficient merely because the factfinder resolved conflicting views
of evidence in favor of the State.  Cain,
958 S.W.2d at 410.

          The
elements of Unlawful Possession of a Firearm by a Felon applicable here are:
(1) a person (2) who has been convicted of a felony (3) possesses (4) a firearm
(5) after conviction and before the fifth anniversary of the person’s release
from confinement following the felony.  Tex. Pen. Code Ann. § 46.04 (Vernon Supp. 2004). 
Esparza does not challenge that at the time of the offense he was a person
who had been convicted of a felony within the five-year rule.  The evidence established that he was
convicted of the felony offense of Unauthorized Use of a Vehicle and that the
date of the charged offense was within five years of his release from confinement
for that felony.

Rather, Esparza contends that the evidence was
factually insufficient to prove that he possessed a firearm.  He contends that the testimony of one of the
State’s witnesses was inconsistent.  Officer Redding testified that from his
vehicle he saw through Vasquez’s rear window “a large frame handgun, automatic,
in the front seat between the two of them [Vasquez and Esparza] which was
pointed in her direction.”  Esparza
contends that it would be impossible for the officer to see a handgun “in the
front seat” without exiting his vehicle. However, Redding’s further testimony reveals that what he saw
was not a handgun lying in the front seat, but rather Esparza holding the
handgun and that he saw the handgun through the space between the bucket
seats.  Redding’s testimony has no inconsistencies that would
preclude a jury from finding his testimony credible.  Further, the State presented other evidence
that Esparza was in possession of the handgun. 
In his videotaped statement, Esparza admitted that he purchased the
handgun the night before.  After Esparza
was arrested, the handgun was found on the floorboard on the passenger side
where he had been sitting.

We do not find that the evidence is factually
insufficient to support the verdict.  We
overrule this issue.

CONCLUSION

          Having overruled all of Esparza’s
issues, we affirm the judgment.

 

BILL VANCE

Justice

 

Before Chief
Justice Gray,

Justice Vance,
and

Justice Reyna

Affirmed

Opinion
delivered and filed September 8,
 2004

Do not publish 

 

[CR25]